**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TARA ABDULLAH,
    Plaintiff,

v.

GRUBB PROPERTIES, INC.,
    Defendant.

Civil Action No.
1:22-cv-04971-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss [ECF 2] and Plaintiff's motion to remand [ECF 10]. Because the Court lacks subject matter jurisdiction, the case must be remanded.

**I.   Background**

On November 23, 2022, Plaintiff filed suit in the Superior Court of Fulton County, Georgia making various allegations against Defendant for negligence and claiming $100,000 in damages.[1] Plaintiff is a tenant; Defendant is the management company for the complex where Plaintiff lives. Most of Plaintiff's allegations concern minor inconveniences or perceived inequities such as another tenant being allowed to park a work vehicle in the parking lot, a lack of Starbucks coffee,

---

[1]   ECF 1-1.

a malfunctioning garage door, and broken elevators.[2] Plaintiff also alleges that the complex needs better security to deter theft because her bike was stolen, although she was apparently compensated for that loss.[3]

On December 16, 2022, Defendant removed to this Court on the basis of diversity jurisdiction.[4] Plaintiff, who is proceeding *pro se*, agrees that diversity jurisdiction exists,[5] but nonetheless objects to the notice of removal.[6] She also filed a "Petition of Removal from Court" that this Court construes as a motion to remand.[7] Contrary to Defendant's assertion that Plaintiff's concession as to jurisdiction is "dispositive" and prevents remand,[8] federal courts have an independent obligation to determine whether subject-matter jurisdiction exists.

---

[2] *Id.* at 2.

[3] *Id.* at 3.

[4] ECF 1.

[5] ECF 5, at 1.

[6] *See generally* ECF 5.

[7] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)).

[8] ECF 7, at 1.

*Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff's concession is, therefore, irrelevant.

## II.   Discussion

Diversity jurisdiction requires complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (stating that complete diversity requires that every plaintiff be diverse from every defendant), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); 28 U.S.C. § 1332(a) (reflecting required amount in controversy). There are problems with both elements here.

First, it is not clear that complete diversity exists. Defendant (a citizen of North Carolina) claims that "there is no dispute that the parties are diverse" because Plaintiff is a resident of Atlanta and must therefore be a citizen of Georgia.[9] But more is required than Defendant's speculation. For individuals, citizenship is equivalent to domicile—a party's "true, fixed, and permanent home and principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–

---

9   ECF 1, ¶ 4.

58 (11th Cir. 2002). Defendant has made no showing that Plaintiff's domicile is in Georgia. But even if Defendant could establish Plaintiff's citizenship, it cannot satisfy the amount in controversy.

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). The party invoking federal diversity jurisdiction must show by a preponderance of the evidence that the claim meets the jurisdictional amount of $75,000. *Wineberger v. RaceTrac Petro., Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). Further,

> [d]istrict courts may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount." Courts are not limited to a "plaintiff's representations regarding its claim . . . [and] may use their judicial experience and common sense."

*Id.* at 917 (cleaned up) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)).

There is no legal or factual basis in the Complaint that can support Defendant's assertion that the amount in controversy exceeds $75,000. By her own admission, Plaintiff has already been compensated for the only direct harm

mentioned in the Complaint—the theft of her bike. There are no allegations suggesting how Plaintiff was harmed by another tenant being allowed to park a work vehicle in the parking lot or by non-functioning equipment. Nor does Plaintiff's pleading explain how Defendant committed a tort by failing to supply Starbucks coffee. Further, while Plaintiff alleges that the complex has safety problems, she did not plead any damages resulting therefrom, much less the remaining elements necessary for a viable negligence claim: duty, breach, and causation. *Conner v. Hart*, 252 Ga. App. 92, 94 (2001) (citing *City of Douglasville v. Queen*, 270 Ga. 770, 771 (1999)). In short, based on the reasonable inferences that can be drawn from the Complaint and the Court's experience and common sense, Defendant has not shown the necessary amount in controversy by a preponderance of the evidence. As a result, the Court lacks subject matter jurisdiction.

### III. Conclusion

Plaintiff's request for remand [ECF 10], treated as a motion, is **GRANTED**. The Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court of Fulton County, Georgia. Because the Court lacks jurisdiction, it may not rule on Defendant's motion to dismiss [ECF 2], which shall remain pending upon remand.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge